# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ELMER SPRAGUE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 04-0106-CV-W-NKL |
| ) | |
| HOUSEHOLD INTERNATIONAL, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court is Plaintiffs Elmer W. And Karen S. Sprague, Freddie Lee Hyde, and Kelly S. Mattox's ("Plaintiffs") Motion to Lift Protective Order, in Part, Unseal Plaintiffs' Fourth Supplement, and Unseal and Redact, in Part, AAA Documents [Doc. 145]. For the reasons set forth below, Plaintiffs' motion is granted. Also pending before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order Compelling Arbitration or Alternative Motion to Amend Such Order [Doc. 152]. For the reasons set forth below, Plaintiffs' second motion is denied.

**I. Background**

On January 3, 2005, the Court entered a blanket, pre-trial Stipulation and Order of Protection [Doc. 126] to facilitate discovery regarding Defendants' then pending Motion to Compel Arbitration. Under the terms of the Order, a third party producing documents may designate documents as "confidential" if it has a good faith belief the document

1

contains "confidential business, financial, or commercial information or information subject to the right of privacy of any person" by affixing a "Confidential" stamp to each page of the document. On March 15, 2005, the American Arbitration Association ("AAA") produced certain documents under a subpoena duces tecum, designating all of them as "confidential" under the Protective Order. On March 24, 2005, Plaintiffs filed their Fourth Supplement and Exhibits in Opposition to Defendants' Motion to Compel Arbitration [Doc. # 124] under seal with the Clerk of the Court. The "confidential" documents produced by AAA where included as Exhibits A-E in Plaintiffs' Supplement.

The Protective Order provides that any party who believes that a document designated as confidential does not in fact contain confidential material "may, after consulting with the producing Party and requesting that the designation be removed from documents, provide the producing Party with written notice, by facsimile, that it believes the 'Confidential' or 'Proprietary – Limited Access' designation . . . is inappropriate." The producing party must then move for a protective order designating the challenged materials as confidential within twenty days of receiving the written notice, or the information shall no longer be considered "confidential" or subject to the protective order.

On April 4, 2005, Plaintiffs faxed AAA staff attorney, Simon Kyriakides, written notice that Plaintiffs challenged AAA's designation of the March 15, 2005, documents as "confidential." Plaintiffs enclosed a copy of the Protective Order for AAA's review and specifically noted the twenty-day requirement. In this letter, Plaintiffs also volunteered

to redact any references appearing in any portion of the AAA documents containing the names and addresses of other consumers or their counsel. AAA acknowledged receipt of the written notice on April 7, 2005, notifying Plaintiffs that it would review the Protective Order and consider what steps, if any, AAA might take.

After fourteen days, Plaintiffs left a voice message for AAA attorney, Mr. Kyriakides, inquiring whether AAA intended to act on the written notice. A few days later, Plaintiffs also contacted counsel for Defendants. Although he had not heard any indication from AAA that it planned to keep the documents confidential, counsel for Defendants did convey his clients' own objection to lifting the Protective Order. With no further word from AAA, and after the twenty days to respond had passed, Plaintiffs filed this Motion to Lift Protective Order, in Part, on May 16, 2005.

On June 15, 2005, the Court granted Defendants' outstanding Motions to Compel Arbitration [Doc. 148]. The Court concluded that the cost-shifting and confidentiality provisions of Defendants' arbitration rider were unconscionable; however, after Defendants represented to the Court via phone conference that they would pay the costs of arbitration, the Court concluded that the unconscionable provisions were severable and the rest of the agreement was enforceable. Accordingly, the court severed the two provisions and compelled arbitration, with Defendants to bear the costs.

On June 16, Plaintiffs sent Defendants a letter stating that Plaintiffs intended to arbitrate the dispute with JAMS and seeking written confirmation that Defendants would pay for "all the costs of arbitration." On July 6, 2005, Defendants responded that they

3

intended to pay any "appropriate arbitration costs charged by the respective arbitral forum for arbitration proceedings." Defendants also notified Plaintiffs that they had filed three separate declaratory actions against each of the Plaintiffs with three different arbitrators – one at NAF, one at AAA, and one at JAMS.

On July 7, 2005, the Court entered an Order [Doc. 151] giving AAA until August 8, 2005, to file any briefing related to Plaintiffs' Motion to Lift Protective Order. In a letter dated August 5, 2005, AAA notified the Court that it took no position on Plaintiff's motion and did not intend to file any briefing.

On July 20, 2005, Plaintiffs filed the present Motion for Reconsideration of the Court's Order Compelling Arbitration or Alternative Motion to Amend Such Order, citing both the dispute about which arbitration costs Defendants had agreed to pay and the Defendants' unilateral decision to file declaratory actions against Plaintiffs with three separate arbitrators.

**II. Discussion**

**A. Motion to Lift the Protective Order**

Plaintiffs move the Court to lift its January 3, 2005, Protective Order [Doc # 126] with regard to Plaintiffs' Fourth Supplement and the documents produced by AAA on March 15, 2005, used as Exhibits A-E therein, redacting any documents which might contain personal information. Specifically, these documents include: (A) one letter from AAA staff attorney, Simon Kyriakides, to Plaintiffs' counsel; (B) two letters from AAA to parties involved in disputes with Defendants; (C) three more letters from AAA to other

4

parties involved in disputes with Defendants; (D) a series of emails between AAA and Defendants; and (E) one letter between AAA and Defendants. Exhibits B and C include names of other parties not involved in this suit, which Plaintiff concedes are personal information covered by the Protective Order. Plaintiffs' motion to unseal these documents does not extend to those names, which Plaintiff has agreed to redact.

The terms of the Court's January 3, 2005, Protective Order provide a mechanism to unseal any documents which may have been incorrectly identified as "confidential." The proponent of lifting the order must provide written notice to the party who produced the documents that it believes such documents are not confidential. The producing party then has twenty days within which to move the Court for a protective order. In the absence of such action, the protective order is automatically lifted with regard to those documents.

Plaintiffs sent AAA written notice on April 4, 2005, of their intention to lift the Protective Order on the documents AAA had produced on March 15, 2005. In that written notice, Plaintiffs specifically told AAA about the twenty days' time to object. At no time in the following four months did AAA ever attempt to maintain the Protective Order. On July 7, 2005, the Court specifically gave AAA one more month to file any briefing related to Plaintiffs' Motion to Lift Protective Order. AAA responded via letter to the Court that it took no position on Plaintiffs' motion. By the terms of the Protective Order itself, AAA's March 15, 2005, documents and Plaintiff's Fourth Supplement are no

longer subject to the Protective Order. Consequently, Plaintiffs' Motion to Lift Protective Order, In Part, is granted.

### B. Motion to Reconsider Order Compelling Arbitration

Plaintiffs move the Court under either Fed. R. Civ. P. 59(e) or 60(b) to reconsider its June 15 Order Compelling Arbitration [Doc. # 152]. In the alternative, Plaintiffs move the court to amend the Order. None of Plaintiffs' arguments offers sufficient grounds for the Court to reconsider its Order.

First, Rule 59(e) states, "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e) (2005). Further, Rule 6(b) specifically prohibits enlargement of this time period. Fed. R. Civ. P 6(b) (2005). Plaintiffs' motion was filed on July 20, 2005, thirty-five days after the Court's June 15 Order. Thus, any relief offered by Rule 59(e) is time-barred. Plaintiffs' motion does fall within the "reasonable time" contemplated by Rule 60(b), but none of the reasons for granting relief under that rule is applicable to the present case.

Essentially, Plaintiffs object to two actions taken by Defendants following the Court's June 15 Order Compelling Arbitration. First, Plaintiffs contend that Defendants have reneged on a promise to pay "all the costs of arbitration," which was the basis of the Court's decision to sever the unconscionable fee-splitting provision of Defendants' arbitration rider. Second, Plaintiffs complain that Defendants preemptively filed separate declaratory actions against each Plaintiff in front of three different arbitrators without

6

notifying Plaintiffs and in direct contradiction to Plaintiffs' intention to arbitrate all three disputes with JAMS.

Plaintiffs' argument that Defendants are refusing to pay all the costs of arbitration arises from Defendants' statement in subsequent correspondence with Plaintiffs that their commitment extends only to "the appropriate arbitration costs charged by the respective arbitral forum." *See* Ex. B., Pl. Sugg. in Supp. Plaintiffs argue that this new language indicates that Defendants are backpedaling and do not intend to honor the Order.

The Court's June 15 Order [Doc. # 148] concluded that the fee-splitting provision of Defendants' arbitration rider was unconscionable because it forced Plaintiffs to pay extra costs in arbitration than they would have had to pay in federal court. Since Plaintiffs had demonstrated an inability to pay these additional costs, the provision would have effectively stripped Plaintiffs of any recourse against Defendants. Only after Defendants agreed to pay these costs themselves did the Court find the provision severable and enforce the rest of the rider. The costs at issue were those costs unique to arbitration, i.e. those costs which would not arise if the case were resolved in federal court instead. Thus, any costs which Plaintiffs would have borne anyway if they had proceeded to trial cannot be considered as part of the costs the Court ordered Defendants to pay. Plaintiffs concede as much in their Suggestions in Support, admitting that their attorney's fees would not be considered part of "all the costs of arbitration." By contrast, they argue that the "exorbitant cost of reporting services" should be considered. Plaintiff, however, has not shown that such costs are increased because the dispute will be arbitrated, not

7

litigated.  Thus, on this record, reporting services cannot be considered as part of the costs of arbitration which made the fee-splitting provision of Defendants' rider unconscionable. If the parties require additional clarification of what costs must be paid by the Defendant, they should file a motion to enforce the Court's Order of June 15, 2005, once an actual dispute arises.

Plaintiffs also seek reconsideration on the grounds that Defendants preemptively filed declaratory actions against each plaintiff in front of a different arbitrator without notifying Plaintiffs and in direct contradiction to Plaintiffs' intention to arbitrate all three disputes with JAMS.  Essentially, Plaintiffs argue that the choice of arbitrator should be theirs to make.  Neither the rider nor the Court's Order mandates this result.  The arbitration rider enforced by the Court provides that either party may elect arbitration. The fact that Defendants did not file their applications in accordance with Plaintiffs' known preference is not a violation of the Order or the arbitration agreement.  Moreover, Defendants did not file their applications for arbitration until July 6, 2005, three weeks after the Court's Order.  Plaintiffs could have filed their own applications with JAMS during that time.  They can still file counterclaims against Defendants in each arbitration, ensuring full consideration of all their claims.  They can still join additional defendants to those counterclaims, ensuring a full disposition of their cases.  Losing the race to the arbitrators' door is not grounds for reconsideration under Rule 60(b).  Plaintiffs' Motion for Reconsideration is therefore denied.

Accordingly, it is hereby

8

ORDERED that Plaintiffs' Motion to Lift Protective Order, in Part, Unseal Plaintiffs' Fourth Supplement, and Unseal and Redact, in Part, AAA Documents [Doc. 145] is GRANTED. It is further

ORDERED that Plaintiffs' Motion for Reconsideration of the Court's Order Compelling Arbitration or Alternative Motion to Amend Such Order [Doc. 152] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: <u>September 21, 2005</u>  
Jefferson City, Missouri